IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARTIN DOUGLAS,

        Plaintiff,

v.                                   CIVIL ACTION NO.   2:20-cv-00856

MR. HEATER, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Court's own order, entered on February 16, 2021, in which the Court directed Plaintiff Martin Douglas ("Plaintiff") to show cause as to why Plaintiff failed to appear at the February 16, 2021 scheduling conference in this matter and why this civil action should not be dismissed for failure to prosecute. (ECF No. 17.) Plaintiff was directed to show cause, in writing, by February 26, 2021. (*Id.*) To date, Plaintiff has not responded to the Court's order.

I.    BACKGROUND

On October 30, 2020, Plaintiff initiated this action in the Circuit Court of Kanawha County, West Virginia. (ECF No. 1–1.) Defendants RK Holdings, L.L.P.[1] and Enerco Group, Inc.[2] (collectively, "Defendants") timely removed this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441. (ECF No. 1 at 2.)

---

[1] RK Holdings, L.L.P., was incorrectly named as "Rural King, L.L.P." in the Complaint. (ECF No. 1 at 1.)

[2] Enerco Group, Inc., was incorrectly named as "Mr. Heater" in the Complaint. (ECF No. 1 at 1.)

On December 22, 2020, Defendants filed their motion to dismiss. (ECF No. 3.) Plaintiff failed to respond. On January 21, 2021, the Court entered an order directing Plaintiff to respond within 10 days. (ECF No. 8.) Plaintiff filed his response on February 3, but the response was untimely.[3] (ECF No. 9.) Defendant filed a timely reply to Plaintiff's response on February 10. (ECF No. 14.)

On February 16, 2021, the Court held a telephonic scheduling conference in this matter. (ECF No. 16.) Plaintiff failed to appear. Thereafter, this Court entered the instant order, directing Plaintiff to show cause as to why he failed to appear for the scheduling conference and why this action should not be dismissed for Plaintiff's failure to prosecute.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The rule therefore inherently recognizes the foundational principle "that courts must have the authority to control litigation before them." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). The rule further builds upon a federal court's integral authority, "of ancient origin," to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also United States ex rel. Curnin v. Bald Head Island Ltd.*, 381 Fed.Appx. 286, 287 (4th Cir. 2010) ("A district court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'" (quoting *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991))).

---

[3] Along with the untimely response to Defendants' motion to dismiss, Plaintiff simultaneously filed a motion to extend time to respond, (ECF No. 10), and a motion to amend the complaint, (ECF No. 12).

2

Because a court's authority in this realm is premised, at least in part, on its inherent authority, the court's power to dismiss a case for failure to prosecute exists whether or not a defendant makes a motion requesting that such action be taken. *Ramsey v. Rubenstein*, Civ. Action No. 2:14-cv-03434, 2016 WL 5109162 at *2 (S.D. W. Va. Sep. 19, 2016); *see also United States v. Merrill*, 258 F.R.D. 302, 308 (E.D.N.C. 2009) ("Although Rule 41(b) does not itself provide for *sua sponte* dismissal, a district court has the inherent power to dismiss a case for lack of prosecution or violation of a court order." (citing *Link*, 370 U.S. at 631–33; *McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976))). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. Unless otherwise noted in the dismissal order, a Rule 41(b) dismissal is with prejudice. Fed. R. Civ. P. 41(b).

When faced with whether to dismiss an action for failure to prosecute under Rule 41(b), a court considers the following factors: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990). These factors do not represent a "rigid, formulaic test," but instead assist the Court, in tandem with the particular circumstances of each case, in determining whether dismissal is appropriate. *See Ballard*, 882 F.2d at 95. Although dismissal with prejudice is "a harsh sanction which should not be invoked lightly," *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978), the ultimate dismissal decision is left to the discretion of the trial court. *See, e.g.*, *Timmons v. United States*, 194 F.2d 357, 359 (4th Cir. 1952). "Where a litigant has ignored an express warning that noncompliance

3

with a court order will result in dismissal, the district court should dismiss the case." *Bey ex rel. Graves v. Virginia*, 546 Fed.Appx. 228 (4th Cir. 2013) (citing *Ballard*, 882 F.2d at 95–96).

### III. DISCUSSION

In this matter, there is no question the Plaintiff has failed to prosecute his case. Plaintiff failed to timely respond to Defendants' motion to dismiss; failed to timely respond to the motion following an order by the Court; failed to appear for the scheduling conference; and now has failed to show cause for both failing to appear and why this action should not be dismissed for a failure to prosecute, despite the explicit warning that a failure to show cause would result in the dismissal of this action with prejudice. (ECF No. 17.)

The Fourth Circuit's test supports the conclusion that this action should be dismissed. First, the Court is without evidence that anyone but Plaintiff is responsible for the lack of participation. Plaintiff appears capable, when willing, to prosecute this case, as he did initiate this action and has filed motions and responses, albeit sporadically and untimely. (*See, e.g.*, ECF Nos. 9, 10, 12.) However, as noted, none of these filings have been timely, even when directed by the Court. With no indication that forces beyond Plaintiff's control are at the root of his neglect, the Court must conclude that Plaintiff is solely accountable for this failure to prosecute.

The second factor also weighs in favor of dismissal. Defendants have waited months since the initiation of this action, and yet are even still waiting on a scheduling order.[4] *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.") Moreover, the only responses Defendants have received have come after substantial delays and only after the Court itself has

---

[4] Indeed, the parties have apparently not even met in accordance with Rule 26(f) of the Federal Rules of Civil Procedure, as no report of meeting has been filed.

4

intervened to direct Plaintiff to respond. The Defendants have clearly suffered some prejudice in the litigation of this matter, and the Court suspects that they will continue to do so should this case proceed.

The third factor to consider is "the presence or absence of a 'drawn out history' of 'deliberately proceeding in a dilatory fashion.'" *Davis*, 588 F.2d at 70 (quoting *McCargo*, 545 F.2d at 396). There is no evidence here that Plaintiff has been deliberately dilatory. However, while the Court cannot determine whether the delays here are the result of deliberate inaction, the truth is that there have been substantial delays on rather routine processes in litigation. The Court, therefore, must find that this factor also weighs against Plaintiff. *See Ramsey*, 2016 WL 5109162 at *3 (finding that third factor weigh in favor of dismissal despite no evidence of deliberate delays); *Hanshaw v. Wells Fargo Bank, N.A.*, No. 2:11-CV-00331, 2014 WL 4063828, at *4 (S.D. W. Va. Aug. 14, 2014) (finding that the third factor weighed in favor of dismissal where the plaintiffs' total failure to participate in the case after a stay was lifted demonstrated "*only* a history of dilatory action by Plaintiffs").

Finally, the Court has considered other available sanctions, including those less drastic than dismissal, such as monetary sanctions, discovery penalties, or partial dismissal. But in light of the fact that Plaintiff has barely participated in this action since its initiation and did not even bother to respond to the Court's show cause order, the Court concludes that no other sanction would be sufficient or even warranted. Thus, after consideration of the *Hillig* factors, the Court exercises its inherent authority to dismiss this civil action for failure to prosecute.

The remaining question is whether this case should be dismissed with or without prejudice. By default, Rule 41(b) calls for dismissal with prejudice "[u]nless the dismissal order states

otherwise." With no evidence that Plaintiff has acted deliberately or in bad faith by failing to prosecute this action, and in light of the Court raising the prospect of Rule 41(b) dismissal *sua sponte*, the Court finds that dismissal without prejudice is appropriate at this time.

### IV. CONCLUSION

After consideration of the relevant factors, the Court **DISMISSES** this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Court further **DIRECTS** the Clerk to remove this action from the Court's active docket. In light of this disposition, the Court **DENIES AS MOOT** the Defendants' Motion to Dismiss, (ECF No. 3), Plaintiff's Motion to Extend Time to Respond, (ECF No. 10), and Plaintiff's Motion to Amend, (ECF No. 12).

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 1, 2021

THOMAS E. JOHNSTON, CHIEF JUDGE